UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DANIELLE C.,[1] | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) )  No. 4:21-cv-00195-JMS-DML |
| FRANK J. BISIGNANO,[2] *Commissioner of the Social Security Administration,* | ) ) ) ) |
| *Defendant.* | ) |

## ORDER

Plaintiff Danielle C. sought review of a decision by the Commissioner of the Social Security Administration ("SSA") denying her benefits, and the Court remanded the case to the SSA after the parties filed a Joint Motion to Remand. [Filing No. 1; Filing No. 13; Filing No. 14; Filing No. 15.] Danielle C. has now filed a Motion for an Award of Attorneys Fees Under 42 U.S.C. § 406(b), which is ripe for the Court's consideration. [Filing No. 20.]

### I.
### BACKGROUND

On December 22, 2021, Danielle C. filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking the Court's review of the SSA's denial of benefits. [Filing No. 1.] She filed her Opening Brief in support of her Complaint on April 21, 2022, [Filing No. 11], and shortly thereafter, on

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] In order to reflect the identity of the current Commissioner of the Social Security Administration, the **CLERK** is **DIRECTED** to change the Defendant's name from "Kilolo Kijakazi, Acting Commissioner of the Social Security Administration" to "Frank J. Bisignano, Commissioner of the Social Security Administration."

June 9, 2022, the parties filed an Agreed Motion to Remand, requesting that the Court remand the case to the SSA pursuant to the fourth sentence of 42 U.S.C. § 405(g), [Filing No. 13]. The Court remanded the case to the SSA on June 10, 2022. [Filing No. 15.] On September 12, 2022, the Court awarded Danielle C. attorneys' fees in the amount of $1,460.25 pursuant to the Equal Access to Justice Act ("EAJA"). [Filing No. 19.] Her counsel claims that he never received that amount, and speculates it may have been withheld due to outstanding obligations owed by Danielle C.. [Filing No. 22 at 7.]

On remand, the Administrative Law Judge issued a favorable decision awarding Danielle C. past-due benefits totaling $86,420.00. [*See* Filing No. 21-2; Filing No. 21-3; Filing No. 22 at 2.] On February 9, 2026, Danielle C.'s counsel moved the Court pursuant to 42 U.S.C. § 406(b) to authorize attorneys' fees for his federal court representation of Danielle C. in the amount of $21,605.00, which represents 25% of the total past-due benefits awarded to Danielle C. – the percentage that Danielle C. contracted to pay her counsel if her counsel obtained a favorable outcome. [Filing No. 20; Filing No. 21-1.]

## II.
### LEGAL STANDARD

Section 406(b) of the Social Security Act provides that a Court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefits appeal. 42 U.S.C. § 406(b)(1)(A). In addition to the allowance of fees pursuant to § 406(b), the EAJA mandates that a court award attorneys' fees and other expenses to the prevailing party in civil actions against the United States (such as disability benefit appeals to the federal court). *See* 28 U.S.C. § 2412(d)(1)(A). When a prevailing claimant's attorney qualifies for § 406(b) fees but has already received a fee award pursuant to the EAJA, "such award offsets the allowable fee under §

2

406(b)." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1080 (E.D. Wis. 2007); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Astrue v. Ratliff*, 560 U.S. 586, 595-96 (2010). Even where an attorney's § 406(b) motion for fees is not opposed, the Court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The burden is on the claimant's counsel to show that the requested fee award is reasonable. *See Caldwell v. Berryhill*, 2017 WL 2181142, at *1 (S.D. Ind. May 18, 2017).

### III.
#### DISCUSSION

Danielle C.'s counsel notes that Danielle C. contracted with him to pay 25 percent of past due benefits if counsel obtained a favorable outcome. [Filing No. 22 at 3-4.] He asserts that his fee was contingent on Danielle C. ultimately receiving benefits, so "the risk associated with engaging in such litigation is significant," and that his requested fee "is considerably less than a typical contingent fee recovery." [Filing No. 22 at 4.] Counsel argues that Danielle C. will receive benefits until death, retirement age, or until she is no longer disabled. [Filing No. 22 at 4-5.] Counsel notes that his firm spent 6.6 hours of attorney time on this case before this Court, equating to approximately $3,273.48 per hour, and that if the Court approves those fees it will not seek any additional fees for its work performed before the SSA in ultimately getting Danielle C.'s benefits approved – but if the Court does not approve those fees, it "will seek compensation for [its] representation of [Danielle C.] before the [SSA] not beyond the 25% of back benefits withheld by the [SSA]." [Filing No. 22 at 5.] Counsel cites to cases within the Seventh Circuit where courts approved § 406(b) fees which corresponded to higher or comparable hourly rates. [Filing No. 22 at 5-6.] Counsel "invite[s] the Court to forbid counsel of record or anyone under the employ of the undersigned law firm from [seeking fees under § 406(a)]." [Filing No. 22 at 6.] Counsel

3

advises that although he obtained an award of attorneys' fees under the EAJA for $1,460.25, he never received that amount, believes it was "taken by the U.S. Treasury in satisfaction of some outstanding debt of [Danielle C.]," and would refund it to Danielle C. if he ultimately receives it. [Filing No. 22 at 7.]

In his response, the Commissioner asserts that he "neither supports nor opposes counsel's request for attorney's fees in the amount of $21,605" and that "[i]t is for the Court to decide if the request . . . is reasonable under the law." [Filing No. 23 at 1.] The Commissioner requests that the Court order Danielle C.'s counsel to refund Danielle C. the fees he was awarded under the EAJA, should he receive them. [Filing No. 23 at 2.]

Section 406(b)(1) allows a court to award reasonable attorneys' fees, not exceeding 25% of the claimant's past-due benefits, to a claimant's attorney. *O'Donnell v. Saul,* 983 F.3d 950, 957 (7th Cir. 2020). A court may award reasonable attorneys' fees to the claimant's attorney for successful court representation pursuant to the EAJA or § 406(b)(1), but the claimant's attorney must refund to the claimant the smaller amount of the two awards. *Id.* at 953.

In *Gisbrecht*, the Supreme Court found that § 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Gisbrecht,* 535 U.S. at 795. Those controls include that: (1) attorneys' fees may be obtained only if the claimant is awarded past-due benefits; (2) attorneys' fees are awarded from, not in addition to, the past-due benefits; and (3) attorneys' fees cannot exceed 25% of the past-due benefits. *Id.* However, 25% of the award of past-due benefits is not presumptively reasonable. *Id.* at 808. In determining reasonableness, the Court should focus on factors such as: (1) the quality of the representation; (2) the results achieved by counsel; (3) whether counsel was responsible for any delay that results in the accumulation of benefits during the pendency of the case in court; and (4) whether the benefits

4

are large in comparison to the time expended by counsel and, if so, whether the fee award would be a "windfall[] for [the] lawyer[]." *Id.* at 808 (quotation and citation omitted).

The Court considers the factors set forth in *Gisbrecht* to determine whether the fees that counsel requests are reasonable. The Court finds that Danielle C.'s counsel provided quality representation to Danielle C. throughout this case, resulting in a favorable decision to Danielle C. and an award of substantial benefits. There is no evidence that Danielle C.'s counsel was responsible for any delay during the pendency of this case.

Additionally, the Court finds that the fee award is an appropriate amount considering the amount of time counsel expended, the quality of representation, and the risk of representation. Danielle C.'s counsel worked 6.6 hours, which results in an hourly rate of $3,273.48 based on counsel's request for fees in the amount of 25% of Danielle C.'s benefits award – or $21,605. [*See* Filing No. 21-4.] While this high hourly rate gives the Court pause, it does fall within the range of fee awards held to be reasonable in this Circuit. *See, e.g.*, Filing No. 31 in *Jennifer M. A. v. Bisignano*, Case No. 1:23-cv-00470-MKK-JRS (S.D. Ind. Feb. 3, 2026) (approving hourly rate of $3,493.80); *Plummer v. O'Malley*, 2024 WL 4880436, at *2 (N.D. Ind. Nov. 22, 2024) (approving hourly rate of $3,227.48); *Janet H. v. Saul*, 2020 WL 6946471, at *4 (S.D. Ind. Nov. 25, 2020) (approving hourly rate of $3,333.00); *Wattles v. Comm'r of Soc. Sec.*, 2012 WL 169967, at *1 (C.D. Ill. Jan. 18, 2012) (approving hourly rate between $2,500 and $3,125). The Court finds it significant that Danielle C. will receive continued benefits going forward and that her counsel expended additional time representing her before the SSA and has agreed not to seek fees associated with that time. If the Court were to take into account hours spent representing Danielle C. before the SSA, counsel's hourly rate would likely be much lower. *See Janet H.*, 2020 WL 6946471, at *5 (noting that additional time counsel spent representing claimant before SSA "would

also need to be taken into account," and would yield much lower hourly rate).  Further, the Court will not penalize Danielle C.'s counsel for efficiently handling Danielle C.'s case.  *See Hughes v. Comm'r of Soc. Sec.*, 2019 WL 2408035, at *3 (N.D. Ind. May 30, 2019) ("[I]f a claimant's success on appeal can be attributed to [her] attorney's endeavors before the district court, then that attorney should reap the benefit of his work – even if he managed to accomplish a great deal in a small window of time.") (citation and quotation omitted).

In sum, given the effective, efficient, and quality representation that counsel has provided, the Court finds that an award of the $21,605 requested in this case is appropriate and would not amount to a windfall, and **GRANTS** Danielle C.'s Motion for an Award of Attorneys Fees Under 42 U.S.C. § 406(b).  [Filing No. 20.]  This award is made, however, with the understanding that Danielle C.'s counsel will not seek further fees under § 406(a) and will return to Danielle C. the $1,460.25 in EAJA fees the Court previously awarded should counsel ever receive those fees.

### IV.
#### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Danielle C.'s Motion for an Award of Attorneys Fees Under 42 U.S.C. § 406(b).  [20.]  The Court **ORDERS** the Commissioner to pay **$21,605** in attorneys' fees from Danielle C.'s past-due benefits directly to Danielle C.'s counsel.  The award of $21,605 represents the final payment of all fees owed in this case under 42 U.S.C. § 406.  Danielle C.'s counsel shall refund Danielle C. the amount of the previously awarded $1,460.25 in EAJA fees should he ultimately receive that amount.

Date: 3/6/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**